FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 06 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- x

JOHNSON & JOHNSON AND LIFESCAN, INC.,

               Plaintiffs,

    - against -

CHAMPION SALES INC. ET AL.,

               Defendants.

---------------------------------------- x

06 Civ. 5451 (SLT) (SMG)

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc., (together, "Plaintiffs") and Defendant SAPS Wholesale Drug, Inc. ("SAPS"), it hereby is ORDERED, ADJUDGED AND DECREED:

    1.    SAPS and its agents, servants, employees, affiliates, subsidiaries, and all other persons in active concert and participation with SAPS are permanently enjoined from:

        (a)    using any of the OneTouch Marks on any counterfeit or re-packaged product, or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips (the OneTouch Marks are LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626));

(b)  using any logo, trade name or trademark confusingly similar to any of the OneTouch Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of SAPS or of others are sponsored by, authorized by or in any way associated with Plaintiffs;

(c)  infringing any of the OneTouch Marks;

(d)  diluting any of the OneTouch Marks;

(e)  falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that they are associated with Plaintiffs;

(f)  using any reproduction, counterfeit, copy, or colorable imitation of any of the OneTouch Marks in connection with the publicity, promotion, sale, or advertising of blood glucose test strips;

(g)  affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being OneTouch blood glucose test strips and from offering such goods in commerce;

(h)  destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement or receipt of any product purporting to be OneTouch blood glucose test strips; and

(i) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

2. Any claims that SAPS may have against any other individual or entity arising out of SAPS's purchase, distribution, advertising, offering for sale and sale in commerce of the products containing the OneTouch Marks are hereby assigned to Plaintiffs.

3. Nothing contained in this Consent Judgment And Permanent Injunction is or shall be construed to constitute an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by SAPS. Further, it is expressly understood and acknowledged that the SAPS maintains that it did not know and had no reason to know that any of the OneTouch products that they purchased and thereafter sold were other than genuine, and SAPS maintains that it made reasonable efforts to ensure that the OneTouch products they purchased and resold were genuine.

4. In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by SAPS, their agents, servants, employees, affiliates, subsidiaries, or any other persons in active concert and participation with SAPS of the terms of this Consent Judgment, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Plaintiffs and SAPS each agree that jurisdiction and venue for such an action exist in this District Court, and SAPS waives any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

5. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against SAPS without

costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to SAPS. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

6. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: June 24, 2009

CONSENTED AND AGREED TO BY:

Date: 6/24/09

SAPS WHOLESALE DRUG, INC.

By: Rajesh Amin

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
Geoffrey Potter
gpotter@pbwt.com
Christos Yatrakis
cyatrakis@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Johnson & Johnson and LifeScan Inc.

GOODMAN & SAPERSTEIN.

By: _____
Stanley R. Goodman
Gsesq600@aol.com
600 Old Country Road, Suite 333
Garden City, New York
(516) 227-2100
Attorneys for SAPS Wholesale Drug, Inc.

SO ORDERED: July 2, 2009

s/Sandra Townes
UNITED STATES DISTRICT JUDGE